William B. Waddell v. Commissioner.
Waddell v. Commissioner
Docket No. 31027.
United States Tax Court
1951 Tax Ct. Memo LEXIS 30; 10 T.C.M. (CCH) 1135; T.C.M. (RIA) 51352; November 30, 1951
*30 William B. Waddell, pro se. Robert F. O'Malley, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined deficiencies in income tax against the petitioner of $51.51 for 1947 and $221.76 for 1948. The only question is as to the amount of expenses for automobile, lodging, meals, etc., incurred by the petitioner during the taxable years in his business of selling insurance, mostly accident, health and hospitalization. Findings of Fact The petitioner, an individual, resided during the taxable years at 1409 North Pennsylvania Street, Indianapolis, Indiana. He filed his income tax returns for the said years with the collector of internal revenue at Indianapolis. For approximately eight months of 1947 and all of 1948, the petitioner was employed as an agent for the American Income Insurance Company of Indianapolis. In the main, his territory was in Indiana, on or south of the highway U.S. Route 40 which runs east and west through Indiana, although he did some business at Muncie, Indiana, which is approximately fifty miles northeast of Indianapolis. Some considerable part of his time away from Indianapolis was *31 spent at Richmond, which is located approximately seventy miles east of Indianapolis. In covering his territory, the petitioner traveled in his own car. At times, he would be away from Indianapolis overnight. To assist the petitioner in locating prospects and selling insurance to them, his employer at times supplied him with lead cards, for which it charged him one dollar per card. The petitioner received no allowance from his employer for traveling expenses. On his return for 1947, the petitioner claimed business expense deductions as follows: Business expense: Postage and mailing, includ-
ing lead cards
$378.00
Telephone expense
72.50
Advertising expense
28.00
Entertainment expense
75.00
Hotel - 160 days at $4.00 per
day
640.00
Meals - for 160 days at $4.00
per day
640.00
Total business expense
$1,833.50
Auto expense: Repairs
$174.00
Storage and garage
54.00
Auto insurance
89.00
Oil and greasing
60.29
Gasoline - for 12,800 miles
246.78
Depreciation - 8 months, on
$900.00 cost, 4-year life
150.14
Total auto expense
774.21
Total expense deduction
$2,607.71
On his return for 1948, the petitioner claimed a total amount *32 for travel, auto and other business expense of $4,068.80. This amount was broken down into three categories, as follows: Auto, $1,243.80; Travel expense, $1,690; Additional expense, $1,135. The amount listed as additional expense consisted of the following: Leads (500 policies at $1.00 each), $500; Entertainment, gifts, etc., 52 weeks at $5.00 per week, $260; Advertising and other expense, $125; "Losses, no policy fee, etc.," $250. The item of travel expense, amounting to $1,690, was made up of two items, $1,040 representing meals, and $650 representing lodging. The petitioner kept no record of his expenses. The deductions claimed by him for both 1947 and 1948 were estimates. In his determination of the deficiencies herein, the respondent, for 1947, allowed as deductions $1,727.37 of the total of $2,607.71 claimed. In his notice of deficiency, the allowances by the respondent were shown as follows: Automobile
$ 619.37
Hotel and tips
480.00
Meals
408.00
Lead cards, postage, etc.
220.00
Total deduction allowed
$1,727.37
Of the $4,068.80 claimed by the petitioner as business expense deductions for 1948, the respondent allowed the following: Automobile, $995.04, *33 Hotel and tips, $780, Meals, $663, Other, $285, or a total of $2,723.04, thereby disallowing $1,345.76 of the total amount claimed by the petitioner. Opinion The only record kept by the petitioner covering his work away from Indianapolis during the taxable years was a memorandum book showing policy applications written by him in the various localities in his territory, mostly in southern Indiana. This book gave the name of the applicant, his residence, the date of the application, the amount paid on the policy and the balance due. In some instances, a notation appeared to show whether the amounts paid were paid in cash or by check. Accepting his statement that the dates of the applications written by him which appear in his memorandum book indicate that he was in the places listed on the dates shown and his oral testimony that oftentimes he had to go back twice, we are still without evidence supporting or establishing petitioner's claim of error. Many, if not most, of the places were within easy driving distance of Indianapolis and a showing of petitioner's presence in a given city or locality on a given date would fall far short of a showing that he spent the night away from home. *34 The petitioner admits that the amounts claimed as deductions on his returns were estimates, but contends that they were fair and reasonable estimates. The wide variance between the estimates appearing on his returns for the two years for meals and lodging, and for 1948, the variance between the claims on the return and the statements in his oral testimony tend to refute the contention made. For instance, on his 1947 return, he estimated that his lodging costs away from home totaled $640 covering 160 nights at $4 per night, while on his 1948 return, he claimed $650 as covering 260 nights at $2.50 each. With respect to meals, his 1947 claim, as shown by his return, was $640 covering 160 days at $4 per day, while on his 1948 return his claim was $1,040 at the rate $20of per week. His testimony, on the other hand, was that $1,040 represented the cost to him in 1948 for meals for a period of twenty weeks. In that connection, it is interesting to note that twenty weeks, even if the full seven days per week are included, would amount to only 140 days, whereas lodging away from home was claimed for 260 days, and that the amount claimed for meals would have been exactly the same, namely, *35 $1,040, if the estimate had been for 260 days, instead of the twenty weeks shown by the oral testimony, and at $4 per day, the rate applied in arriving at the deduction claimed for 1947. On the record before us, we have no way of knowing or determining just what the petitioner did spend on his business trips away from Indianapolis for purposes for which deductions from his income are allowable. We do know that he did spend some time away from Indianapolis on business. Furthermore, we have no doubt that he had expenditures of a deductible character, which expenditures, when related to his income, were fairly substantial in amount and the respondent has not determined, and does not now contend, otherwise. There is, however, no indication from the petitioner's testimony or from other matter appearing of record that he made any effort to keep and maintain a record of such expenditures. We are left with assertion and contention rather than proof and, as already indicated, the petitioner's claims with respect to certain items as between the two years before us are inconsistent and completely out of harmony with each other. The respondent in his determinations has allowed amounts which *36 on the record here appear to be reasonable and proper, and the petitioner has not shown any error in those determinations. Decision will be entered for the respondent.